**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD MITCHELL,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **SMURFIT WESTROCK PLC d/b/a** | : | |
| **WESTROCK SERVICES, LLC,** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Bernard Mitchell (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Smurfit Westrock plc d/b/a WestRock Services, LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Secane, PA.

3. Upon information and belief, Defendant Smurfit Westrock plc d/b/a WestRock Services,

LLC is a global leader in sustainable, paper-based packaging solutions with a location at 100 McDonald Boulevard, Aston, PA 19014 and corporate headquarters at 1000 Abernathy Road, Atlanta, GA 30328.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**<u>JURISDICTION AND VENUE</u>**

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

2

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted his administrative remedies under Title VII, the ADEA, the ADA and the PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on January 23, 2026, alleging race, age and disability discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2026-03085 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to

3

the Charge and that Notice is dated May 6, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

20. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is African American and was born in 1976.

23. On or about December 4, 2000, Defendant hired Plaintiff.

24. Throughout his employment, Plaintiff held multiple positions and the final position that Plaintiff held was Supervisor.

25. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF WAS DIAGNOSED WITH A DISABILITY

26. In 2022, Plaintiff was diagnosed with the serious health condition of myositis, an autoimmune disease which causes muscle pain and weakness, which is considered a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

27. The major life activities affected by myositis include, but are not limited to, lifting and performing manual tasks.

4

## PLAINTIFF REQUESTED AND WAS APPROVED FOR A REASONABLE ACCOMMODATION IN THE FORM OF INTERMITTENT FAMILY AND MEDICAL LEAVE ACT LEAVE

28. Following his diagnosis in 2022, Plaintiff applied and was approved for the reasonable accommodation of Intermittent Family and Medical Leave Act ("FMLA") leave in order to manage his disability.

29. Plaintiff properly renewed his Intermittent FMLA leave in 2023, 2024 and 2025 and utilized his Intermittent FMLA leave as needed.

## DEFENDANT HIRED THREE (3) YOUNGER CAUCASIAN EMPLOYEES, INCLUDING A NEW GENERAL MANAGER AND SUPERINTENDENT

30. In late 2024, Defendant hired Don Mullinex (Caucasian, non-disabled, early 40's) as the new General Manager.

31. Shortly thereafter, in January 2025, Mullinex hired Sara Poling (Caucasian, non-disabled, mid-30's).

32. In March 2025, Mullinex replaced Plaintiff's immediate supervisor, Jackie Pellegrino, with Nick Kennen (Caucasian, non-disabled, mid-30's), Superintendent.

## KENNEN SUBJECTED PLAINTIFF TO DISPARATE TREATMENT

33. From that point forward, Plaintiff began to experience discriminatory scrutiny and disparate treatment based on his race, age, disability and his request for a reasonable accommodation in the form of Intermittent FMLA leave.

34. Kennen nitpicked Plaintiff's work product and assigned him a heavier workload.

## PLAINTIFF INFORMED KENNEN THAT HE CONTINUED TO RECERTIFY HIS INTERMITTENT FMLA LEAVE DUE TO HIS DISABILITY

35. In or around July 2025, Plaintiff informed Kennen in person that he continued to be certified for Intermittent FMLA leave due to his disability.

## KENNEN QUESTIONED PLAINTIFF ABOUT HIS USE OF INTERMITTENT FMLA LEAVE

36. Rather than acknowledging his lawful right to utilize his reasonable accommodation, Kennen questioned Plaintiff about "how often" he used his Intermittent FMLA leave, what the reason was when he utilized his Intermittent FMLA leave and made comments implying that his absences were inconvenient.

## KENNEN AND MULLINEX WERE VISIBLY UPSET WHEN PLAINTIFF UTILIZED HIS INTERMITTENT FMLA LEAVE

37. Both Kennen and Mullinex appeared visibly displeased and dismissive, exhibiting negative body language and tone when Plaintiff utilized his reasonable accommodation in the form of Intermittent FMLA leave.

## KENNEN BLAMED PLAINTIFF FOR A MINOR DISAGREEMENT WITH A YOUNGER COWORKER, DESPITE NOT BEING AT FAULT

38. Plaintiff was involved in a minor work-related disagreement with Jason Smith (30's), Operator, in late July 2025.

39. Even though the coworker admitted fault in the situation, Kennen unfairly threatened Plaintiff with suspension on August 29, 2025, an excessive and disproportionate response that was inconsistent with how similar issues were handled for Caucasian, non-disabled or younger employees.

## DEFENDANT TERMINATED PLAINTIFF

40. On October 27, 2025, Mullinex, Kennen and Catherin Cardona, Human Resources Manager, abruptly terminated Plaintiff.

41. The stated reason was "multiple complaints from subordinates."

42. This explanation was false and pretextual.

43. They refused to identify the alleged complainants, specify the nature of the complaints, or provide any opportunity for response or investigation.

44. In his twenty-four (24) years of unblemished service prior to this new management regime, Plaintiff had never received a single complaint or performance warning.

45. Plaintiff was 49 years old at the time of his termination.

## DEFENDANT DID NOT TREAT CAUCASIAN, YOUNGER AND/OR NON-DISABLED SUPERVISORS AND EMPLOYEES IN A SIMILAR MANNER

46. Notably, Plaintiff was aware of multiple Caucasian, younger and/or non-disabled supervisors and employees, including, but not limited to, Poling and Melissa Haynes (Caucasian, 30's), Shipping Manager, who had multiple legitimate complaints lodged against them but were not terminated or disciplined comparably.

47. In fact, no other Caucasian, non-disabled supervisors were terminated due to alleged subordinate complaints, underscoring the pretextual nature of Defendant's justification.

## DEFENDANT REPLACED PLAINTIFF WITH POLING

48. Upon information and belief, Defendant replaced Plaintiff with Poling, who had previously worked in another department.

## DEFENDANT EXHIBITED A PATTERN AND PRACTICE OF FORCING OUT OLDER EMPLOYEES AND REPLACED THEM WITH YOUNGER EMPLOYEES

49. It appeared to Plaintiff that Defendant employs a workforce significantly younger than him and predominantly Caucasian.

50. Plaintiff's termination fits a broader pattern and practice of eliminating older, long-tenured employees, many of whom had twenty (20) or more years of service, including, but not limited to, Demetrius Whittaker (African American, late 40's), Safety Manager,

7

Jeremy Selleck (Caucasian, 40's), Quality Manager, and John Haak (Caucasian, 60's), Supervisor.

51. These employees were either terminated outright or pressured to resign, only to be replaced by younger employees.

52. Defendant discriminated against Plaintiff due to his race, age and disability and retaliated against him for requesting a reasonable accommodation in violation of Title VII, the ADEA and the ADA.

53. In addition, Defendant retaliated against Plaintiff for utilizing his rights under the FMLA in violation of the FMLA.

54. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that he is African American.

57. Plaintiff was qualified to perform the job for which he was hired.

58. Plaintiff suffered adverse job actions, including, but not limited to termination.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

61. Defendant discriminated against Plaintiff on the basis of his protected class.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

63. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

64. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISCRIMINATION BASED ON RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

67. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff was born in 1976.

70. Plaintiff was qualified to perform the job.

71. Defendant terminated Plaintiff.

72. Defendant treated younger employees more favorably than Plaintiff.

73. Defendant has no legitimate non-discriminatory reason for its actions.

74. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as

9

set forth herein.

75. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – AGE DISCRIMINATION
PENNSYLVANIA HUMAN RELATIONS ACT**

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff was born in 1976.

78. Plaintiff was qualified to perform the job.

79. Defendant terminated Plaintiff.

80. Defendant treated younger employees more favorably than Plaintiff.

81. Defendant has no legitimate non-discriminatory reason for its actions.

82. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – DISABILITY DISCRIMINATION
AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by

Defendant and its agents as being disabled.

85. Plaintiff was qualified to perform the job.

86. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

87. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

88. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

89. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

90. The purported reason for Defendant's decision is pretextual.

91. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

92. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

93. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

94. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

95. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that

11

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

96. Plaintiff was qualified to perform the job.

97. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

98. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

99. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

100. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

101. The purported reason for Defendant's decision is pretextual.

102. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

103. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

104. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

105. Plaintiff engaged in activity protected by the ADA.

106. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

107. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

108. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

109. Plaintiff engaged in activity protected by PHRA.

110. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

111. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

112. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

113. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

114. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA Leave to care for his own serious medical condition.

13

115. Plaintiff gave Defendant sufficient information to allow it to understand that he needed leave for FMLA-qualifying reasons.

116. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

117. As a result of Plaintiff's invocation of his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment.

118. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's Intermittent FMLA leave.

119. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

120. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

121. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

122. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those

sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, Bernard Mitchell, requests that the Court grant him the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADEA, the ADA, the PHRA and the FMLA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation

from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: July 29, 2026                    By:   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*